**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 05-CR-0047-CVE** |
| | ) | **(12-CV-0171-CVE-PJC)** |
| **GARY OBRY TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

On March 26, 2012, defendant Gary Obry Taylor, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. # 36. Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." In response, plaintiff has filed a motion to dismiss (Dkt. # 40), which defendant opposes (Dkt. # 41).

**I.**

On March 10, 2005, the grand jury returned a four-count indictment charging defendant with possessing a firearm after a former felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Dkt. # 2. Seven prior felony convictions were listed in the indictment. Defendant made his initial appearance on May 20, 2005, and Assistant Federal Public Defender Paul Brunton was appointed to represent defendant. Dkt. ## 7, 8. On July 5, 2005, defendant entered a guilty plea, without a plea agreement, and submitted a petition to enter plea of guilty. Dkt. ## 12, 12-1. In the petition, defendant admitted

guilt as to all four counts. Dkt. # 12-1, at 2. Defendant acknowledged that the "Court will not permit anyone to plead 'GUILTY' who maintains he is innocent. . . ." Id. at 3.

A pre-sentence investigation report (PSR) was prepared. Although the PSR initially set defendant's adjusted offense level at 26, the PSR classified defendant as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). This classification raised defendant's offense level to 33. A three-level reduction for acceptance of responsibility resulted in a total offense level of 30. Defendant's criminal history placed him in category VI. The resulting guideline range for imprisonment was 168-210 months, but the mandatory minimum under the ACCA was 180 months as to counts one and three. Additionally, defendant faced a statutory maximum of 120 months as to counts two and four. The PSR noted that defendant was diagnosed with both diabetes and high blood pressure.

The government moved for a one point reduction for acceptance of responsibility (Dkt. # 14), which was granted (Dkt. # 20). Defendant filed objections to the PSR, objecting to sentencing under the ACCA (Dkt. # 17) as well as the use of escape convictions for ACCA sentencing (Dkt. # 18). The Court denied both objections. Dkt. # 20. The Court sentenced defendant to 210 months as to each of counts one and three, 120 months as to each of counts two and four, all terms to run concurrently. At sentencing, defendant made an oral motion to run federal and state sentences concurrently, which was denied. Id. The Court ruled that the federal sentence should run consecutively to defendant's state sentences. Id.

The Court entered a judgment and commitment on October 20, 2005. Dkt. # 21. Defendant filed an appeal to the Tenth Circuit challenging his sentence on counts one and three. Dkt. ## 23, 32. The Tenth Circuit affirmed his conviction and found his appeal was "without merit." Dkt. # 32,

at 4.  Defendant filed a petition for writ of certiorari to the Supreme Court, which was denied on March 19, 2007.  Dkt. ## 33, 34.  Because a conviction is final when the Supreme Court denies a petition for a writ of certiorari, Clay v. United States, 537 U.S. 522, 527 (2003), defendant's conviction became final on March 19, 2007.

Five years later, defendant filed this § 2255 motion on March 26, 2012, alleging that this Court should grant a downward departure pursuant to § 5H1.4 of the United States Sentencing Guidelines (USSG) because defendant experienced renal failure in July 2011.  Dkt. # 36.  The government filed a motion to dismiss defendant's § 2255 motion (Dkt. # 40), to which defendant objects (Dkt. # 41).  Defendant further alleged in his objection that a downward departure should be granted due to ineffective assistance of counsel at his sentencing.  Dkt. # 41, at 2.

## II.

The government moves to dismiss defendant's § 2255 motion as untimely.  Dkt. # 40. Defendant argues that this Court has equity jurisdiction and may consider the merits of his claim regardless of the timeliness of his motion.  Dkt. # 36, at 17-18.

Section 2255 provides a one-year statute of limitations for motions to vacate, set aside, or correct a sentence, and the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f). Defendant's conviction became final on March 19, 2007, and his § 2255 motion was filed on March 26, 2012. Defendant's motion is untimely under subsection (f)(1). However, defendant argues that his poor health justifies either tolling the statute of limitations, or, in the alternative, the exercise of equitable jurisdiction. Dkt. # 36, at 17.

Defendant's poor health does not justify tolling the statute of limitations because the events relied on by defendant occurred long after the limitations period expired. Events that occur after the statute of limitations expires may not be used to toll the limitations period. Reupert v. Workman, 45 F.App'x 852, 854 (10th Cir. 2002) (unpublished);[1] see Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Defendant argues that he did not raise the issue of his poor health at sentencing or on appeal because "[a]ll of [his health problems] occurred post-sentencing and the Court has never had an opportunity to hear this issue." Dkt. # 36, at 4. Defendant further states that he did not file a § 2255 motion earlier because he was repeatedly sick and undergoing dialysis, which hindered his ability to conduct research in the law library and to file pleadings. Id. at 11. Defendant did not submit any supporting medical records, but he claims to have become sick – suffering from renal failure – in 2011. Dkt. # 36, at 11. Defendant may not, however, rely on an illness that began or worsened in 2011 to toll a statute of limitations that expired in 2008.

Further, defendant's health does not justify exercise of equitable jurisdiction. The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (finding that the limitations period in § 2244(d)(1), which is akin to that in § 2255, is a jurisdictional bar that may

---

[1]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

4

be equitably tolled). "To be entitled to equitable tolling, [a defendant] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

An inmate bears a heavy burden to show specific facts to support his claim of extraordinary circumstances and due diligence. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). For example, the Tenth Circuit has refused to equitably toll the limitations period where a defendant "provided no specificity regarding the alleged lack of access [to the law library and legal materials] and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); United States v. Martinez, 303 F.App'x 590, 596 (10th Cir. 2008) (refusing to equitably toll the limitations period where a defendant did not provide the court with "specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion.") (unpublished). Further, circuit precedent is clear that courts should use equitable tolling sparingly. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (finding that numerous Supreme Court and Tenth Circuit cases have held equitable tolling is appropriate only in limited circumstances) (citations omitted). The Tenth Circuit has consistently found equitable tolling not appropriate, absent truly extraordinary circumstances, even in cases involving inmates with medical conditions or mental handicaps. See Garza v. Kansas, 449 F.App'x 734 (10th Cir. 2011) (unpublished) (equitable tolling inappropriate where defendant made reference to his medical history but otherwise did not explain "his multiple-year delay in seeking federal relief"); United States v. Buckaloo, 257 F.App'x 88, 89-90 (10th Cir. 2007) (unpublished).

5

Even construing defendant's § 2255 motion, accompanying brief, and objection in the light most favorable to defendant, this Court finds that defendant's case does not present a "rare and exceptional circumstance" in which untimely filing should be excused. Defendant mentions his inability to research or conduct pleadings because he was "undergoing dialysis." Dkt. # 36, at 11. Defendant also briefly details his renal failure and subsequent medical tribulations between July and November 16, 2011. Dkt. # 36, at 13-14. However, defendant fails to account for the remainder of the four year period between the expiration of the limitations period and the filing of his § 2255 motion. Certainly, defendant likely spent some of that time (since 2011) undergoing dialysis or otherwise unable to research; however, defendant has not sufficiently explained or excused his multiple-year delay.

Even assuming that defendant's motion were timely filed, this Court lacks the authority to alter defendant's sentence. Defendant requests a downward departure under USSG § 5H1.4. However, defendant's sentence is final, and this Court lacks the inherent authority to modify a sentence that has previously been imposed. United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). A district court may only modify a sentence in specified instances "where Congress has expressly granted the court jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted). No such authority was provided by 28 U.S.C. § 2255. United States v. Anderson, No. 96-1379, 133 F.3d 933, 1998 WL 8234, *1 (10th Cir. Jan. 12, 1998) (unpublished). In fact, the Tenth Circuit found that § 2255 was "inapplicable" where a defendant was simply "asking the district court to reduce his sentence several years after its original sentence determination" without "alleg[ing] any impropriety or error in the original sentence." Id. Section 2255 lists several grounds, including a sentence imposed in violation of the Constitution or if a

district court lacked jurisdiction, that a defendant may use to attack a sentence. However, a defendant may not use § 2255 to "merely request[ ] that the district court take another look at his situation." Id.

Although defendant fails to mention it in his motion or objection, 18 U.S.C. § 3582(c) does permit a court to modify a previously imposed term of imprisonment. The circumstances under which a court may modify a sentence, however, are limited to: reduction based upon a motion by the director of the Bureau of Prisons regarding "extraordinary and compelling reasons" or regarding an elderly defendant subject to restrictive limitations; as permitted by Fed. R. Crim. P. 35; or when a defendant's sentence is based on a sentencing range that was subsequently lowered. 18 U.S.C. § 3582(c). Defendant's circumstances do not fall within any of the above categories. Thus, this Court is without the power to modify defendant's final sentence.

As to defendant's ineffective assistance of counsel claim, defendant's sole allegation is that his counsel did not request a departure or variance at sentencing. Dkt. # 41, at 2. Defendant does not argue that there were procedural errors or that the district court improperly calculated his guidelines range. Defendant instead argues that his counsel was ineffective because the Tenth Circuit has recognized health concerns may warrant a downward departure, and that his counsel failed to move for a downward departure based on his diabetes and high blood pressure. Id. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). However, the Supreme Court has held that timely § 2255 motions may be brought in a collateral proceeding even if the defendant could have raised that claim on appeal. Id. To prove ineffective assistance of counsel, a defendant must show: "(1) deficient performance by counsel that (2) caused

prejudice to the defendant, such that 'but for counsel's errors, [the defendant] would not have pleaded guilty and insisted on going to trial.'" United States v. Romero-Gallardo, 113 F.App'x 351, 352 (10th Cir. 2004) (citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)) (remaining citation omitted) (unpublished).

Even assuming defendant's § 2255 motion were timely, defendant would not succeed on his claim of ineffective assistance of counsel. Although defendant's condition has worsened, defendant reiterates in his response that he, at the time of sentencing, was diagnosed only with diabetes and high blood pressure. Dkt. # 41, at 2. Further, the PSR noted both of those conditions and that he received prescription medication. Where a defendant does not contest the district court's calculation of the guidelines range or any other procedural error, but only that he should have received a downward departure based on his age and health, there is no substantive error, and his sentence is reasonable. United States v. Salcedo-Herrera, 384 F.App'x 821, 823 (10th Cir. 2010) (unpublished). Other district courts have held serious physical ailments were not "extraordinary physical impairments" warranting a downward departure. See United States v. Jauregui-Perez, 376 F. Supp. 2d 1060, 1062 (D.N.M. 2004) (defendant's congestive heart failure, which could be controlled with medical supervision and medication, was not "so extraordinary as to remove it from the heartland of cases" and thus did not deserve a downward departure under § 5H1.4); United States v. Barajas-Valvovinos, No. 12-CR-140-MMA, No. 12-CV-2019, 2012 WL 3778353 at *2 (S.D. Cal. Aug. 30, 2012) (diabetes and back pain are not extraordinary physical impairments requiring a downward departure). The Tenth Circuit has also held that a defendant claiming poor health, including diabetes, blindness in one eye, difficulty seeing with the other eye, light sensitivity, headaches, a chronic cough, and lack of mobility, did not transform a presumptively reasonable

sentence into an unreasonable one. United States v. Martinez-Villa, 221 F.App'x 751, 753 (10th Cir. 2007) (in the context of a variance, such health claims were not sufficient to rebut the district court's sentence that took into account § 3553(a) factors) (unpublished). Further, the simple existence of a medical condition does not preclude imprisonment. A district court may recommend a medical facility that has the ability to accommodate a defendant's medical needs. United States v. Rosales-Valdez, 375 F. Supp. 2d 1165, 1171 (D.N.M. 2005). Finally, defendant offers no evidence in his § 2255 motion or objection showing that, "at the time of sentencing[,] his illnesses made him 'seriously infirm' such that departure based on physical condition would be likely." See Barajas-Valvovinos, 2012 WL 3778353, at *2 (defendant did not show he was prejudiced by his counsel's failure to move for a departure on the basis of his health concerns) (citing U.S.S.G. § 5H1.4). Without any substantive error, defendant cannot show that his trial counsel's performance was deficient or that, absent prejudice from his counsel's alleged error, he would have insisted on a trial.

This Court finds that defendant's motion to vacate, set aside, or correct his sentence under § 2255 was not timely filed, and that the limitations period was not tolled by his sickness. Further, defendant's problematic health concerns do not constitute extraordinary circumstances such that this Court will find the limitations period was equitably tolled. This Court also finds that, even if defendant's motion were timely, this Court lacks the authority to grant a downward departure. And, finally, this Court finds that defendant's untimely objection to ineffective assistance of counsel fails.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Dkt. # 40) is **granted**, and defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 36) is **dismissed with prejudice as time-barred**. A separate judgment is entered herewith.

**DATED** this 19th day of September, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE